NORTH CAROLINA     FILED     IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
GUILFORD COUNTY
2018 APR -9 P 2: 50
    18CVS 4399
JAMES M. CURREN,
GUILFORD CO., C.S.C.

Plaintiff,

BY _____

vs. ) COMPLAINT

CARAUSTAR INDUSTRIES, INC.,

Defendant.

COMES NOW THE PLAINTIFF, complaining of Defendant and alleges and says that:

1. Plaintiff was a resident of North Carolina at all times relevant herein.

2. Upon information and belief, Defendant is a corporation organized and existing under and by virtue of the laws of the State of North Carolina, having a principal place of business in Davidson County, North Carolina. Defendant operates an industrial paper business which offers its products for sale to third parties for profit.

3. Plaintiff was employed by Defendant as a truck driver until on or about August 4, 2015 when his employment was terminated.

4. Plaintiff was originally employed by Summer Industries as a driver until Summer Industries was purchased by Defendant and then Plaintiff became an employee of Defendant.

### FIRST CAUSE OF ACTION: REDA

5. The allegations set forth in paragraphs one through four are realleged and incorporated by reference as if fully set forth.

6. Plaintiff suffered an on the job injury on or about November 18, 2014. He continued to be under his physician's care for the injury when Defendant became the new owner of the company on or about July, 2015.

7. Despite the good quality of his work, two days prior to Defendant becoming the new owner of Plaintiff's employer, he was allegedly accused of aggressive driving behavior at work by anonymous members of the public. Within four days of Defendant becoming the new owner of the company, his employment was terminated allegedly for hostile behavior.

8. Upon information and belief, the true reason for the termination of his employment was retaliation for exercising his rights under the North Carolina Worker's Compensation Act and the ongoing nature of his medical treatment for the injury.

9. Upon information and belief, all managers of Defendant were acting within the course and scope of their employment while processing the ongoing time away from work for medical treatment associated with the worker's compensation claim, supervising Plaintiff, and terminating his employment.

10. The conduct of Defendant, as herein set out, constitutes a violation of N.C.G.S.§95-240 et seq. in that Plaintiff's treatment and termination were in retaliation for Plaintiff exercising his rights under the worker's compensation act. Within 180 days of the last act of retaliation, Plaintiff filed a charge of retaliatory discharge with the Department of Labor pursuant to the statute.

11. Plaintiff has completed all jurisdictional requirements for pursuit of a claim under this statute. Upon conclusion of its investigation, Plaintiff was sent his right to sue letter on said charge of retaliatory discharge. At this time, Plaintiff has decided to institute a private lawsuit and is filing same within ninety (90) days of issuance of the right to sue letter.

12. That, upon information and belief, the conduct of the Defendant as stated above was willful.

2

Case 1:18-cv-00490-NCT-JLW Document 5 Filed 06/08/18 Page 2 of 4

13. Said retaliation and subsequent termination of Plaintiff's employment by Defendant, by and through its duly authorized agents, is the direct and proximate cause of injury to Plaintiff in an amount in excess of $25,000.00 representing lost wages and benefits.

14. Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for declaratory and injunctive relief is the only means for relief.

15. As a direct and proximate cause of the Defendant's conduct, Plaintiff has suffered damages in excess of $25,000.00 based upon lost wages and lost employee benefits.

## SECOND CAUSE OF ACTION: PUNITIVE DAMAGES

16. The allegations set forth in paragraphs one through fifteen are realleged and incorporated by reference as if fully set forth.

17. The above described acts or omissions of the Defendant, by and through its duly authorized agents acting within the scope of their employment, constitute wrongs done wantonly, willfully, or with actual malice, or under circumstances of rudeness, insult, indignity, oppression, or in a manner which demonstrates a reckless disregard of the Plaintiff's rights.

18. Plaintiff is entitled to recover of Defendant on this cause an amount to be determined at trial as punitive damages to deter discrimination by Defendant in the future.

WHEREFORE, Plaintiff prays for judgment as follows:

1. Entry of a preliminary and permanent injunction enjoining Defendant, its officers, employees, agents and all persons acting in concert with Defendant, from engaging in retaliatory discharge on the basis of filing a worker's compensation claim and directing Defendant to reinstate Plaintiff to the employment from which he was terminated, and to restore to him all wages, retirement benefits and other employment benefits due him from the date of termination;

2. Entry of a money judgment against Defendant awarding Plaintiff damages representing lost wages, front pay, and all other sums of money, including retirement benefits and other employment benefits which Plaintiff would have earned had he not been terminated in retaliation for filing a worker's compensation claim, together with interest on said amounts from Plaintiff's date of termination. Pursuant to the statute, the damages should be trebled as the conduct by Defendant was wilful;

3. An award to Plaintiff for the costs of the prosecution of this action, including reasonable attorney's fees; and

4. An award to Plaintiff of such other and further relief as to the Court may seem just and proper.

_____
Nancy P. Quinn,
Attorney for Plaintiff
315 Spring Garden St., Suite 1D
Greensboro, North Carolina 27401
Telephone: (336) 272-9072

4

Case 1:18-cv-00490-NCT-JLW  Document 5  Filed 06/08/18  Page 4 of 4